# MARÍA VENEGAS PERIAÑES

## *v.*

# RAMON VALDES.

---

San Juan, Law, No. 455.

1. A parent may recover for the wrongful death of her minor son.
2. The elements of damage in such a case are lack of support and care and mental anguish.
3. Racing a horse across the track in front of an approaching train, so close to it that the injuries to deceased could not be avoided, is contributory negligence which will prevent his mother from recovering.
4. But, if the engine scared the horse, and it ran away and across the track, and defendant's employees could have prevented the injuries by the exercise of reasonable diligence, defendant would be liable.

Periañes v. Valdes.

5. If, because of the great speed of the train, brought about by its racing with deceased, it could not be stopped in time to prevent the accident, defendant would be liable.

Case tried April 22, 1908.

---

*Mr. Joseph Anderson, Jr.,* attorney for plaintiff.

*Mr. T. D. Mott, Jr.,* attorney for defendant.

Instructions by RODEY, Judge:

The facts sufficiently appear from the instructions.

RODEY, Judge, omitting the formal parts, gave the following charge and instructions to the jury:

As the evidence has shown you, this is an action by the plaintiff, who is the mother of the boy the evidence shows you was killed in an accident the 13th of January, 1907, on the defendant's railroad, between Bayamon and Cataño. Her suit is for $10,000 as damages. Under the law of this island, a parent has the right to recover for the loss of a child in this way, and also because of the lack of support to plaintiff which follows the death of the child, and because of the loss of his care of his parent and her mental anguish as a result of the loss.

The cause has turned out to be very simple. The fact that the poor boy was killed and the poor mother is bereaved of her child can, as and of itself alone, strange to say, cut no figure in the rights of the parties to the suit. If the defendant is liable for damages, you should so find him liable without hesi-

Periañes v. Valdes.

tation; and, if he is not liable, you should, with equal courage, say so unhesitatingly by your verdict. The liability or non-liability of the defendant depends on how you shall find the facts under the law as here given you.

You are instructed that, if you believe, from a preponderance of the evidence, that the boy who was killed was racing his horse with that train, of his own volition, and stopped when the train stopped, and galloped his horse along with it when it started again, and then that, without any fault on the part of the railroad company, when the boy and horse were passing the crossing to the pasture where the horse had been accustomed to go, it suddenly turned in in front of the engine, and that this act of the boy in thus racing his horse with the train, and the act of the horse in so suddenly turning out of the road, across the track, were the proximate causes of the injury, and that the servants of defendant in charge of the train could not avoid the accident, because of the danger becoming imminent so suddenly, then the defendant is not liable in this case, and you should, by your verdict, unhesitatingly say so.

If, on the other hand, you believe, from a preponderance of the evidence, that the deceased boy was riding this horse along the road parallel with the track, and that the noise and whistling of the locomotive frightened the horse, and that he started to run away with the boy, and that the boy lost control of him, and that the railroad help in charge of the locomotive, seeing this and knowing of it, and seeing the sort of bridle or rope the horse had on, yet took no steps to prevent the boy being injured, or to get control of their train so as to be able to stop it within a reasonable distance should the horse suddenly veer onto the track, and that the fact of such negligence of the defendant's

Periañes v. Valdes.

servants in not thus slowing their train down to let the boy and the horse get out of danger was the proximate cause of the injury, then the defendant, under the circumstances of this case, is clearly liable, and you should find for the plaintiff in such damages, within the amount of $10,000, claimed in the declaration, as you may, as reasonable men, deem to be just.

You are further instructed that the fact that $10,000 is claimed is only a limit beyond which you cannot go in your verdict; that you may, should you find for the plaintiff, fix the damages in any sum, from $1 up to the amount claimed. As stated, you can thus see the case is quite simple. It resolves itself into a question almost whether that boy was willingly and intentionally racing with that train, without fault on the part of the train or the train help, or whether his horse got scared and was running away with him, and the train people, knowing and seeing this, took no steps such as reasonable people would have taken to prevent this accident.

Of course you must remember that, even though you should believe that the boy was racing his horse with the train, still, if you believe, from a preponderance of the evidence, that the train hands were also racing with the boy and horse, and doing so intentionally, then, because of the youth of this boy, the defendant would be liable, if, because of this great speed of the train, it could not be stopped in time after the horse turned onto the track, and the danger became imminent.

Verdict for plaintiff for $1,000.